FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELITA FORNARA,<br><br>               Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE OFFICE OF THE ATTORNEY GENERAL (OAG), PUBLIC EMPLOYMENT RELATIONS COMMISSION (PERC), DEPARTMENT OF CHILDREN YOUTH AND FAMILIES (DCYF), WASHINGTON FEDERATION OF STATE EMPLOYEES (WFSE), OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 8 (OPEIU8), OFFICE OF FINANCIAL MANAGEMENT (OFM), JOHN JANE DOE 1-50,<br><br>               Defendants. | NO. 1:25-CV-3073-TOR<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT are Plaintiff's Motion to Appoint Counsel (ECF No. 11), Motion to Compel (ECF No. 24), Defendants Washington State Office of the

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 1

Attorney General, Public Employment Relations Commission, Department of Children, Youth, and Families, and Office of Financial Management's ("State Defendants") Motion to Dismiss (ECF No. 25) , Motion to Stay Discovery (ECF No. 31), Defendant Washington Federation of State Employees' Motion to Dismiss for Lack of Jurisdiction (ECF No. 33), Plaintiff's Motion to Amend Complaint (ECF No. 43), Motion to Declare PERC Proceedings as Unconstitutional (ECF No. 46), Motion for Judicial Findings of Perjury and Fraud (ECF No. 47), Motion to Compel (ECF No. 48), Second Motion to Amend Complaint (ECF No. 55), Second Motion to Compel (ECF No. 56) and Motion Regarding Procedural Irregularities, Structural Bias, and Retaliatory Deprivation of Due Process (ECF No. 58).  These matters were submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, State Defendants' Motion to Dismiss (ECF No. 25) and Defendant Washington Federation of State Employees' Motion to Dismiss for Lack of Jurisdiction (ECF No. 33) are GRANTED in part, Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 11), Motion to Amend Complaint (ECF No. 43), and Second Motion to Amend Complaint (ECF No. 55) are DENIED, Plaintiff's Motion to Compel (ECF No. 24), State Defendants' Motion to Stay Discovery (ECF No. 31), Motion to Declare PERC Proceedings as Unconstitutional (ECF No. 46), Motion for Judicial Findings of Perjury and Fraud

1 (ECF No. 47), Motion to Compel (ECF No. 48), Motion to Compel (ECF No. 56),

2 Motion Regarding Procedural Irregularities, Structural Bias, and Retaliatory

3 Deprivation of Due Process (ECF No. 58) are DENIED as moot.

### BACKGROUND

5   This case arises out of claims during Plaintiff's time as an employee of the

6 Department Social and Health Services ("DSHS") and Department of Children,

7 Youth, and Families ("DCYF") as a Social Service Specialist 3 in region 2 that is

8 stationed at Toppenish and Yakima in Washington. ECF No. 1-1 at 5. Plaintiff,

9 proceeding *pro se* and *in forma pauperis*, states that these claims arise under

10 federal question jurisdiction. ECF No. 1 at 3. Plaintiff alleges violations of due

11 process under the Fourteenth Amendment, retaliation under the First Amendment,

12 collusion under 42 U.S.C. § 1983, breach of duty of fair representation, and

13 violations of RCW 41.80, 42.56, and RCW 4.92 for governmental misconduct.

14 ECF No. 1 at 4. However, Plaintiff only alleges four causes of actions under her

15 claims section of her Complaint. ECF No. 1-1 at 8. These four claims include

16 fraudulent concealment against DCYF, Washington Federation of State Employees

17 ("WFSE"), Public Employment Relations Commission ("PERC"), and Washington

18 State Office of the Attorney General ("OAG"), retaliatory discharge against DCYF

19 and WFSE, violations under 42 U.S.C. § 1983 against "[s]tate [a]gencies" and the

20 OAG, and violations of the Washington Public Records Act. ECF No. 1- 1 at 8.

Plaintiff requests economic damages for lost wages, "career suppression" and retirement benefits.  ECF No. 1-1 at 8.  Plaintiff additionally requests punitive damages and "an injunction to require the State to reinstate Plaintiff's benefits and correct employment practices."  ECF No. 1-1 at 8.

On November 24, 2025, Plaintiff moved to amend her Complaint to add wrongful termination, discrimination, retaliation, and *Monell* claims.  ECF No. 43 at 1-5.  Additionally, Plaintiff requested relief such as injunctive relief, punitive damages, attorney's fees and costs, "[d]eclaration that PERC proceedings were void ab initio", "[r]einstatement of compensatory damages in lieu thereof", back pay and future earnings.  ECF No. 43 at 6.

On December 15, 2025, Plaintiff filed an additional motion to amend to add claims including retaliation, due process violations, First and Fourteenth Amendment violations, federal civil rights violations, labor protections, public-record rights, professional ethics, and Washington whistleblower violations.  ECF No. 55 at 15.  Plaintiff alleges that DCYF coordinated with "state actors" and WFSE to collude regarding "coordinated disciplinary actions."  ECF No. 55 at 4.

## DISCUSSION

## MOTION TO DISMISS

28 U.S.C. § 1915 governs *in forma pauperis* proceedings.  28 U.S.C. § 1915, (e)(2)(b); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (stating *in forma*

*pauperis* status is not only available to prisoners).  Under § 1915(e)(2), the Court

may dismiss a case at any time if the court finds that either the poverty claim is

false "or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief."  § 1915(e)(2).

Under § 1915(e)(2)(B)(i), an action is frivolous if the legal arguments in the

complaint are not arguable on the merits.  *Neitzke v. Williams*, 490 U.S. 319, 322–

23 (1989), *superseded by statute*, 29 U.S.C. § 1915(d), *as recognized in Lopez v.*

*Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).  In other words, there must be an

arguable basis in both the facts and the law.  *Neitzke*, 490 U.S. at 322–23 (1989).

A plaintiff must allege facts, not simple conclusions, that show that an individual

was personally involved in the deprivation of his civil rights.  *Barren v.*

*Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under § 1915(e)(2)(B)(ii), "[t]he standard for determining whether a

plaintiff has failed to state a claim upon which relief can be granted … is the same

as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  For a plaintiff to

survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly,* 550 U.S. 544, 570 (2007)).  This requires more than a simple "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545. This requires facts to support legal conclusions beyond simply stating conclusory legal statements. *Iqbal,* 556 U.S. at 663; *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (stating that for a motion to dismiss, courts are not obligated to accept alleged legal conclusions as true factual allegations); *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (stating legal conclusions must be supported by factual allegations).  However, a court must construe facts in the light most favorable to the opposing party of the motion and a court must take the allegations of the non-moving party as true. *Twombly*, 550 U.S. at 556.

In addition, a plaintiff must "nudge[] their claims across the line from conceivable to plausible" otherwise plaintiff's complaint shall be dismissed. *Twombly*, 550 U.S. at 570.  In other words, the "plausibility standard requires more than 'a sheer possibility that a defendant has acted unlawfully' but 'is not akin to a probability standard.'" *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)).  Furthermore, when there are two possible explanations, "[s]omething more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic*

*Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013)) (citations omitted).

In *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014), the court realized the difficulties in the plausibility standard and created a two-step process that mirror other rules. *Id.* Step one requires the complaint to not only recite the elements of the cause of action but provide sufficient allegations to provide fair notice to the opposing party. *Id.* Step two states "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

*Pro se* pleadings are liberally construed to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (quoting *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010)). This is especially important for cases arising out of civil rights violations. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992) (citation omitted).

A. <u>Eleventh Amendment Sovereign Immunity</u>

Plaintiff alleges § 1983 claims against State Defendants. ECF No. 1-1 at 8. State Defendants filed a motion to dismiss. ECF No. 25. These Defendants argue that the Eleventh Amendment precludes Plaintiff's causes of action for damages

1   under state law.  ECF No. 25 at 3.  Furthermore, they continue that state agencies

2   are not considered "persons" under 42 U.S.C. § 1983.  ECF No. 25 at 4.

3        The Court agrees with Defendants.  The Supreme Court stated, "[w]e hold

4   that neither a State nor its officials acting in their official capacities are 'persons'

5   under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

6   This applies to the State "or governmental entities that are considered 'arms of the

7   State' for Eleventh Amendment purposes. *Id.* at 70 (citing *Mt. Healthy Bd. of Ed.*

8   *v. Doyle,* 429 U.S. 274, 280 (1977)).

9        This decision was grounded in immunity afforded by the Eleventh

10  Amendment.  There are three exceptions to the Eleventh Amendment sovereign

11  immunity rule: waiver, abrogation, and *Ex Parte Young,* 209 U.S. 123 (1908).

12  *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir.), *amended*,

13  271 F.3d 910 (9th Cir. 2001).  A state may waive their immunity, Congress may

14  abrogate the state's immunity pursuant to its constitutional authority, or the suit is

15  against a state officer for prospective injunctive relief.  *Id.* at 817-18.

16       State Defendants cannot be sued under this theory because they are state

17  agencies and are not "people" under § 1983.  Therefore, Plaintiff's § 1983 claims

18  against Defendants DCFY, OFM, PERC, and OAG are dismissed for failure to

19  state a claim upon which relief may be granted.

20

1    Plaintiff responds with many cites to cases but none of them accurately

2    argue that these agencies can be sued under § 1983.  ECF No. 37.  The cases refer

3    to other constitutional violations, claims, timing issues, or significantly different

4    facts.  ECF No. 37 at 4-9.  The precedent is clear that the state cannot be sued

5    under 42 U.S.C. § 1983.  The case law Plaintiff proposes does not provide support

6    otherwise.

7        B.  *Ex Parte Young*

8    Plaintiff continues that immunity is not applicable because Plaintiff's claims

9    fall under the *Ex Parte Young* exception to immunity.  ECF No. 37 at 4-6; *Ex parte*

10   *Young*, 209 U.S. 123 (1908).  While Plaintiff is correct that "a state official in his

11   or her official capacity, when sued for injunctive relief, would be a person under §

12   1983 because 'official-capacity actions for prospective relief are not treated as

13   actions against the State.'"  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71

14   n.10 (1989) (citing *Kentucky v. Graham,* 473 U.S., at 167, n. 14 (1985)); *Ex parte*

15   *Young,* 209 U.S. 123, 159–160 (1908).  Plaintiff misunderstands the principle set

16   forth in *Ex Parte Young*.

17    *Ex Parte Young* authorizes suits against state officials acting in their official

18   capacity for prospective relief.  *Ex parte Young*, 209 U.S. 123, 163-68 (1908).

19   Plaintiff lists many individuals in her Complaint but does not assign individual's

20   specific violations in their official capacity.  ECF No. 1-1 at 3-4.  Furthermore,

Plaintiff does not allege the necessary requirements to assert prospective or injunctive relief against these individuals. It appears Plaintiff considers WSYF and Office and Professional Employees International Union Local 8 ("OPEIU8") as state agencies. However, they are not. Since these are not state agencies, they do not employ state officials that can be proper parties under § 1983.

Additionally, Plaintiff's Complaint asserts many allegations against many individuals that appear to work at state agencies and Plaintiff listed Jane and John Does 1-50 as defendants. ECF No. 1-1 at 3-4; 1-3. However, Plaintiff did not properly name the individuals as parties. Even more, Plaintiff did not provide evidence of proper service. Plaintiff provided evidence of summons and process via email for some individuals; however, email is not a proper service method. ECF No. 6. Additionally, Rule 4 provides the proper rules of service. FED. R. CIV. P. 4. However, email is not proper for initial service unless authorized by the Court as an alternative method. See FED. R. CIV. P. 4. Under Rule 4(e), a person may be served according to state law or by personal service, leaving a copy at the individual's dwelling with someone of suitable age who resides there, or delivering a copy to an authorized agent. FED. R. CIV. P. 4(e). Under Washington law, an individual may be properly served by personal service, "or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(14).

To properly serve a state government, it must be served either upon its chief executive office, or a prescribed state law method for that type or similar defendant. FED. R. CIV. P. 4(j)(2). Under Washington law, service upon the state requires service of summons and complaint to be served upon the attorney general or leaving the proper papers in the attorney general's office with an assistant attorney general. RCW 4.92.020.

Plaintiff provided evidence of summons and process via email and to one individual at her place of employment which are not proper methods of service under the rules. ECF No. 6; 7. Without a proper party for Plaintiff to allege a §1983 claim against using the *Ex Parte Young* exception, this claim cannot stand.

A. State Actors

In Plaintiff's Complaint, Plaintiff does not directly allege 42 U.S.C. § 1983 claim against WFSE. ECF No. 1. Instead, Plaintiff filed this complaint against "State Agencies and Attorney General's Office[.]" ECF No. 1-1 at 8. However, Plaintiff alleges that WFSE committed failure to represent in relation to a constitutional violation under 42 U.S.C. § 1983. ECF Nos. 1-1 at 4; 38 at 3. Plaintiff states that WFSE colluded with DCYF by undermining Plaintiff's employment rights through actions such as refusing to fairly represent Plaintiff and negotiating in bad faith with DCYF against employees by not filing grievances. ECF No. 1-1 at 5.

1    As the Supreme Court stated, private conduct regardless of however

2 discriminatory or wrong, is not subject to the Fourteenth Amendment.  *Belgau v.*

3 *Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) (citing *Blum v. Yaretsky*, 457 U.S. 991,

4 1002 (1982)).  However, in specific circumstances, a private entity can be liable

5 under §1983.  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012).

6 Pursuant to that, "a plaintiff must show that 'the conduct allegedly causing the

7 deprivation of a federal right [was] fairly attributable to the State.'"  *Id.* (quoting

8 *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)).

9    To determine "whether Washington's 'involvement in private action is itself

10 sufficient in character and impact that the government fairly can be viewed as

11 responsible for the harm of which plaintiff complains,'" the court uses a two-prong

12 approach.  *Belgau*, 975 F.3d at 946 (quoting *Naoko Ohno v. Yuko Yasuma*, 723

13 F.3d 984, 994 (9th Cir. 2013).  The first prong determines whether the alleged

14 "constitutional deprivation resulted from the exercise of some right or privilege

15 created by the State or by a rule of conduct imposed by the state or by a person for

16 whom the State is responsible[.]"  *Belgau*, 975 F.3d at 946 (quoting *Ohno*, 723

17 F.3d at 994.  The second prong asks "whether the party charged with the

18 deprivation could be described in all fairness as a state actor."  *Belgau*, 975 F.3d at

19 947 (quoting *Ohno*, 723 F.3d at 994).

20

1    The Supreme Court provided four tests to determine whether the actions of

2 a private party rise to state action: ": (1) the public function test; (2) the joint action

3 test; (3) the state compulsion test; and (4) the governmental nexus test." *Tsao,* 698

4 F.3d at 1140 (quoting *Franklin v. Fox,* 312 F.3d 423, 444–45 (9th Cir. 2002)).

5    WFSE is a state union not acting under the color of state law or as a state

6 actor.  WFSE is not a municipality or official that can be sued under § 1983.

7 Additionally, other than conclusions and statements that WFSE colluded with

8 DCYF, Plaintiff did not provide facts to show a federal right deprivation, that this

9 deprivation was created by the state, or that WFSE was a state actor under one of

10 the four tests.  ECF No. 1-1.  Therefore, Plaintiff's § 1983 claim against WFSE is

11 not available.

12    Additionally, Plaintiff listed OPEIU8 as a Defendant but the organization is

13 only mentioned a few times in Plaintiff's Complaint about Plaintiff alleging a

14 complaint against them.  ECF No. 1-1.  Plaintiff appears to claim that PERC's

15 alleged retaliation was due to "union animus" and cites to different court case

16 numbers.  ECF No. 1 at 5.  However, it does not appear Plaintiff alleges any actual

17 claims against Defendant OPEIU8 other than Plaintiff appears to consider them a

18 state agency.  ECF No. 1-4.  Regardless, as was discussed, Plaintiff's claim against

19 PERC must be dismissed.  OPEIU8 is not a state agency.  Also, Plaintiff does not

20

1  allege facts that OPEIU8 is acting under the color of law for a § 1983 claim.

2  Therefore, Plaintiff fails to state a claim against OPEIU8.

3       Plaintiff alleges new claims and assertions in her response to Defendants'

4  Motions to Dismiss.  ECF No. 50; 51.  This is improper.  The Ninth Circuit

5  established this principle and stated "[i]n determining the propriety of a Rule

6  12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's

7  moving papers, such as a memorandum in opposition to a defendant's motion to

8  dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir.

9  1998) (citations omitted).  Setting forth new claims in a response brief or unrelated

10  motion is not the appropriate remedy.  For claims to be properly considered,

11  Plaintiff's Complaint must contain Plaintiff's current claims.

12       B. Motions to Amend

13       Nevertheless, Plaintiff filed two Motions to Amend her Complaint.  ECF

14  Nos. 43; 55.  Plaintiff may amend the complaint within 21 days after serving it, or

15  within 21 days after service of a responsive pleading or a Rule 12(b), (e), or (f)

16  motion.  FED. R. CIV. P. 15(a)(1).  Plaintiff may not amend under Rule 15(a)

17  because the time to amend has lapsed.  However, Plaintiff may ask the Court for

18  leave to amend her Complaint under Rule 15(a)(2).  FED. R. CIV. P. 15(a)(2).  Rule

19  15(a)(2) requires consent from the opposing party or leave from the court.  FED. R.

20

1    CIV. P. 15(a)(2).  The Court should grant the party's motion to amend if justice

2    requires it.  FED. R. CIV. P. 15(a)(2).

3         The Court cannot accurately determine Plaintiff's amendments to

4    sufficiently consider whether justice requires leave to amend.  To determine

5    whether Plaintiff should have leave to amend, five factors are typically assessed:

6    "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

7    amendment; and (5) whether plaintiff has previously amended his complaint."

8    *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citation omitted).

9    Here, futility of amendment is the main concern.

10        In Plaintiff's First Motion to Amend Complaint, Plaintiff does not provide a

11   reason for the motion for amendment, nor does Plaintiff propose a statement

12   proposing amendment to her Complaint.  ECF No. 43.  It appears as if this is meant

13   to be a new complaint or a second complaint in conjunction with Plaintiff's current

14   complaint.

15        Plaintiff appears to allege claims under 42 U.S.C. §§ 1981, 1983, 1985,

16   First, Fifth, and Fourteenth Amendment.  ECF No. 43 at 1. Plaintiff also alleges

17   violations under Washington State Law.  ECF No. 43 at 1.  Later, Plaintiff asserts

18   other violations which include retaliation, blacklisting, conspiracy, collusion, bad

19   faith representation, procedural fraud, invalid administrative processes, wrongful

20   termination, fabricated discipline, and discrimination.  ECF No. 43.

The additional claims under §§ 1981 and 1985 are barred under sovereign immunity. *Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) ("state agencies which are but arms of the state government are not 'persons' for purposes of the Civil Rights Act."); *Braunstein v. Arizona Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012) ("sovereign immunity precludes §§ 1981 and 1983 damages claims against state entities and state actors in their official capacity.").

Even more, Plaintiff does not provide essential elements of her claims and supportive facts or authorities. ECF No. 43. Plaintiff rarely cites to authorities or provides facts that push these claims into the realm of plausibility that meets the requirement to state a claim. Additionally, Plaintiff lists many constitutional and federal violations, but it is unclear what parties committed which alleged grievances. Plaintiff only lists all the parties without specificity of claims or contentions. ECF No. 43 at 2-3.

Similar problems arise in Plaintiff's Second Motion to Amend. ECF No. 55. Plaintiff states the purpose of the amendment is due to concealment and suppression of evidence. ECF No. 55 at 7-8. Plaintiff does not clearly allege violations other than legal conclusions made throughout the pleading. ECF No. 55. For example, Plaintiff alleges retaliation, conspiracy, discrimination, procedural due process, etc. ECF No. 55 at 2, 6. Some of Plaintiff's allegations such as structural bias, conflicts of interest and collusion are not clearly combined with any

1    state or federal provision to determine what Plaintiff is alleging them under.  ECF

2    No. 55 at 8.  This amendment would not save Plaintiff's claims because the claims,

3    facts, and wrongdoers are not clear.  Even if the Court were to allow these

4    amendments, it does not put the Court or parties on reasonable notice of Plaintiff's

5    allegation to allow the parties the ability to effectively respond.

6        Moreover, Plaintiff's motions fail to adhere to the local rules.  This alone

7    can be considered as consent to an adverse entry for the party that violated the

8    local rules.  LCivR 7(3); *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000

9    (9th Cir. 2007) (denying a motion to amend because it would violate the local

10   rules, affirming that district courts have the discretion to deny a motion on that

11   reason alone).  For example, Plaintiff's motion did not adhere to LCivR 7(b)(1),

12   (4), (c)(1).  Plaintiff failed to provide a proposed order or supporting factual

13   assertions and legal authority.  ECF Nos. 43; 55.  As established, Plaintiff did, at

14   times, provide facts and legal authority, but not consistently.

15       As was previously discussed, the same issues about state actors and

16   immunity arise with many of the newly alleged claims.  Many of the claims are

17   federal claims that are barred under Eleventh Amendment sovereign immunity.

18   Moreover, the alleged claims against the non-state Defendants are not available or

19   Plaintiff fails to provide sufficient facts to state a claim for Defendants to

20   accurately respond.  Furthermore, the remaining claims are state law claims.

However, the issue of subject matter jurisdiction is at issue.  Accordingly, the Court does not find that justice requires amendment because the amendment does not clearly save Plaintiff's claims or provide sufficient new claims and facts to confer subject matter jurisdiction.

C. <u>Subject Matter Jurisdiction</u>

Under 28 U.S.C. § 1331, a federal court has original jurisdiction.  Original jurisdiction is present in federal court for "all civil actions arising under the Constitution, laws, or treaties of the United States."  *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022) (quoting 28 U.S.C. § 1331).  This is met if the claims asserted arise under federal law.  *Negrete*, 46 F.4th 811 at 816.

Under 28 U.S.C. § 1367, a Court may have supplemental jurisdiction over state law claims.  However, the Court may decline this jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).  Four factors may be considered when determining whether a court should retain supplemental jurisdiction over state claims: fairness, comity, convenience, and economy.  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir.), *as amended* (Oct. 1, 1997) (citation omitted).

Without any federal, constitutional or other claims arising under federal law, the Court does not have federal question jurisdiction.  Since litigation is still in the

early stages, and the parties are Washington State entities or located in Washington, it is in the interest of comity, convenience, and economy to allow the state court to adjudicate any remaining state claims.  Therefore, the Court declines to assert supplemental jurisdiction over the state law claims.  *Blackman v. Omak Sch. Dist.*, 2021 WL 607081, at *2 (E.D. Wash. Feb. 16, 2021) ("[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as stated in Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citation omitted).

## OPPORTUNITY TO AMEND

A court may not dismiss a *pro se* complaint before providing the *pro se* party "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively" unless amendments to the complaint could not cure the issues.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citations omitted).

Furthermore, Plaintiff did not sufficiently allege claims that confer subject matter jurisdiction.  Plaintiff's claims fail because either the state entities are not "people" under § 1983 or they are not state entities at all.  Moreover, "district

courts may dismiss such claims with prejudice where 'the bar of sovereign immunity is absolute,' meaning 'no other court has the power to hear the case' and the plaintiff could not 'redraft their claims to avoid' the bar. *Vasquez v. Washington Dep't of Veterans Affs.*, 746 F. Supp. 3d 1011, 1024 (W.D. Wash. 2024) (*see Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)). Additionally, Plaintiff's Complaint and amendments fail for plausibility, and lack of sufficient facts and legal authorities.  Also, amendment to Plaintiff's Complaint will not solve improper service.

However, the Court recognizes that Plaintiff may be able to provide specific facts and name proper parties. The Court grants Plaintiff leave to amend her Complaint to identify proper individuals and provide sufficient facts for the elements required under 42 U.S.C. § 1983 to state a claim upon which relief may be granted.  Plaintiff's first amended complaint shall consist of a short and plain statement showing that she is entitled to relief and alleging with specificity:

(1) the names of the persons who caused or personally participated in causing the alleged harm

(2) the specific conduct or actions of the Defendants demonstrating how it caused a deprivation of Plaintiff's rights; and

(3) the specific protected rights of which Plaintiff was deprived.

1    Further, Plaintiff shall set forth her factual allegations in separate numbered

2  paragraphs. THIS AMENDED COMPLAINT WILL OPERATE AS A

3  COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT

4  TO) THE COMPLAINT. The amended complaint must be legibly rewritten or

5  retyped in its entirety; it should be an original and not a copy; it may not

6  incorporate any part of the complaint by reference; and IT MUST BE CLEARLY

7  LABELED THE "AMENDED COMPLAINT" and case number 1:25- CV-3073-

8  TOR must be written in the caption. PLAINTIFF IS CAUTIONED IF SHE FAILS

9  TO FILE WITHIN 30 DAYS AS DIRECTED, THE CASE WILL BE

10  DISMISSED IN ITS ENTIRETY.

11                **APPOINTMENT FOR PRO BONO COUNSEL**

12    Under "exceptional circumstances", a district court may designate pro bono

13  counsel for civil claims to indigent litigants.  28 U.S.C. § 1915(e)(1*); Palmer v.

14  Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  A court considers both "the likelihood

15  of success on the merits as well as the ability of the petitioner to articulate his

16  claims *pro se* in light of the complexity of the legal issues involved." *Palmer*, 560

17  F.3d at 970 (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)).

18    Plaintiff has not demonstrated likelihood of success on the merits.  As many

19  of these claims fail because they are barred by sovereign immunity or the parties

20  are improper for the claim, it is unlikely this will succeed on the merits.

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 21

Additionally, Plaintiff failed to articulate her claims with specificity or particularity to identify the nature of the claims. Therefore, the Court does not find this as an exceptional circumstance.

Furthermore, Plaintiff's Motions to Compel and miscellaneous motions were premature because the parties had not yet filed a joint status report, and the Court had not issued a scheduling order to commence discovery. ECF Nos. 24; 31; 46; 47; 48; 56; 58. Plaintiff's other motions were not proper motions in which the Court could grant the requested remedy. ECF Nos. 46; 47; 58. Additionally, Plaintiff did not argue using the correct standard for the Court to grant relief. *See* ECF Nos. 46; 45; 58. If Plaintiff sufficiently amends her Complaint, she may file any relevant motions in accordance with the local rules at the appropriate time. Regardless, the motions are now moot.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. State Defendants' Motion to Dismiss (ECF No. 25) and Defendant Washington Federation of State Employees' Motion to Dismiss for Lack of Jurisdiction (ECF No. 33) are **GRANTED in part**.

    a. Plaintiff's § 1983 claims against Defendants DCYF, OAG, PERC, and OFM are **DISMISSED with prejudice** and **without leave to amend.**

      b.  Plaintiff's remaining claims are **DISMISSED without prejudice** and **with leave to amend** within **thirty days** of this order.

2.  Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 11), Motion to Amend Complaint (ECF No. 43), and Second Motion to Amend Complaint (ECF No. 55) are **DENIED.**

3.  Plaintiff's Motion to Compel (ECF No. 24), State Defendants' Motion to Stay Discovery (ECF No. 31), Motion to Declare PERC Proceedings as Unconstitutional (ECF No. 46), Motion for Judicial Findings of Perjury and Fraud (ECF No. 47), Motion to Compel (ECF No. 48), Motion to Compel (ECF No. 56), Motion Regarding Procedural Irregularities, Structural Bias, and Retaliatory Deprivation of Due Process (ECF No. 58) are **DENIED as moot.**

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED February 10, 2026.



THOMAS O. RICE
United States District Judge